**IN THE MUNICIPAL COURT**

**HAMILTON COUNTY OHIO**

PATRICK ANTHONY SADDLER
706 NORTHLAND BLVD APT D
CINCINNATI OH 45240

Case No.

*Plaintiff,*

v.

CHEX SYSTEMS INC
1010 DALE STREET NORTH
SAINT PAUL MN 55117

*Defendant.*

# COMPLAINT

## PRELIMINARY STATEMENT

1. This is a civil action for damages not exceeding $15,000, exclusive of costs and interest, arising from Defendant's failure to clearly and accurately provide the disclosures required by the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. If this matter is transferred to federal court, the jurisdictional limitation on damages shall no longer apply.

2. Plaintiff requested a complete ChexSystems consumer file disclosure and all six categories of information under 15 U.S.C. § 1681g(a), including the identities, addresses, and telephone numbers of persons that procured Plaintiff's consumer reports within the statutory period. Plaintiff did not request only selected categories.

## JURISDICTION AND VENUE

3. Jurisdiction arises under 15 U.S.C. § 1681p, which permits an action in a court of competent jurisdiction. The amount requested falls within this Court's monetary jurisdiction.

4. Venue is proper in Hamilton County, Ohio because Plaintiff resides in Hamilton County and the disclosure conduct and resulting injuries occurred in Hamilton County. Defendant conducts business concerning consumers in this County.

## PARTIES

5. Patrick Anthony Saddler is a natural person, a resident of Hamilton County, Ohio, and a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

6. Defendant Chex Systems, Inc. is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f). It regularly assembles or evaluates information concerning consumers for the purpose of furnishing consumer reports to third parties and uses facilities of interstate commerce. Its address for service is 1010 Dale Street North, Saint Paul, Minnesota 55117.

## FACTUAL ALLEGATIONS

7. On or before October 9, 2026, Plaintiff personally requested a complete consumer disclosure from Defendant, including all information and all six enumerated categories required by § 1681g(a). Plaintiff's request included the telephone numbers of persons identified as having procured Plaintiff's consumer reports.

8. Plaintiff supplied proper identification sufficient to satisfy 15 U.S.C. § 1681h. Plaintiff never requested truncation, masking, suppression, or omission of any information sought in the disclosure.

9. Defendant furnished Plaintiff a consumer disclosure dated October 9, 2026, identified by Consumer ID 28794932.

10. The disclosure includes "Inquiries Viewed By Others" and "Inquiries Viewed Only By You." Defendant describes those sections as transactions resulting from persons accessing Plaintiff's ChexSystems information.

## INFORMATION AT ISSUE

11. Defendant identified EXPERIAN INFORMATION SOLUTIONS, INC in connection with inquiries dated 11/03/2025, 03/19/2026, 03/17/2026, 01/14/2026, but stated "Telephone Number Not Available" instead of disclosing the associated telephone number.

12. Defendant identified CELTIC BANK/CONCORA CREDIT in connection with inquiries dated 11/03/2025, but stated "Telephone Number Not Available" instead of disclosing the associated telephone number.

13. Defendant identified BUFFALO LAKE LENDING in connection with inquiries dated 11/02/2025, but stated "Telephone Number Not Available" instead of disclosing the associated telephone number.

14. Defendant identified EQUIFAX INFORMATION SERVICES, LLC in connection with inquiries dated 10/07/2026, 09/30/2026, 09/23/2026, 09/16/2026, 09/09/2026, 09/02/2026, 08/26/2026, 08/19/2026, 08/12/2026, 08/05/2026, 07/29/2026, 07/22/2026, 07/08/2026, 07/01/2026, 06/24/2026, 06/17/2026, 06/10/2026, 06/03/2026, 04/29/2026, but stated "Telephone Number Not Available" instead of disclosing the associated telephone number.

15. Defendant identified CAPITAL ONE in connection with inquiries dated 03/19/2026, 03/17/2026, 01/14/2026, but stated "Telephone Number Not Available" instead of disclosing the associated telephone number.

16. The "Reported Information" section identifies Superior Credit Union as the source of an overdraft-related account. Defendant disclosed the account number only as XXXXXXXXX8854, with an account closure date of May 4, 2026, and stated "Telephone Number Not Available" for the furnisher. Defendant also displayed "Driver's License: State:" without identifying either item or explaining whether the information was absent from its file.

17. Upon information and belief, Superior Credit Union furnished Defendant a fuller account identifier and associated contact information, and Defendant recorded and retained that information in Plaintiff's file at the time of the request. The account-specific closure information, routing number, charge-off amount, and paid status support the existence of an account-level furnishing relationship. The exact contents of Defendant's retained records are within its knowledge and control.

18. Defendant failed to clearly and accurately disclose the complete account number or fuller account identifier recorded and retained for the Superior Credit Union account ending in 8854. To the extent Defendant recorded and retained driver's license or state information concerning that account, the unexplained blanks also failed to clearly and accurately disclose that retained information. A blank alone is not alleged to establish possession.

19. The omitted telephone information was materially connected to persons Defendant identified as associated with access to Plaintiff's consumer information. The disclosure identified those entities but did not provide the associated telephone numbers requested by Plaintiff.

20. Upon information and belief, the identified entities furnished Defendant their contact information through subscriber, inquiry, or business relationships, and Defendant recorded and retained associated telephone information concerning Plaintiff's file at the time of the request. Those relationships and the disclosure of full telephone numbers for other inquiry entities supply a basis for this allegation.

21. Upon information and belief, Defendant also possessed the capability, through its systems, repositories, and business relationships, to disclose the telephone information. Capability and possession are distinct factual questions; Plaintiff alleges that the numbers were recorded and retained, and that Defendant was capable of disclosing them.

22. Defendant's own disclosure demonstrates that its format accommodates complete telephone numbers: it supplies telephone numbers for TransUnion LLC and other identified inquiry entities while omitting numbers for the entities identified above.

23. Defendant did not explain that Plaintiff needed to make another request, cite a particular statutory subsection, or use special words to obtain the telephone numbers. Plaintiff's complete disclosure request sought those numbers as part of the statutory categories.

## STATUTORY FRAMEWORK

24. Section 1681g(a)(1) requires a consumer reporting agency, upon request and proper identification, to clearly and accurately disclose all information in the consumer's file at the time of the request, subject to the statute's express limitations. A "file" includes information recorded and retained concerning the consumer, regardless of storage method. 15 U.S.C. § 1681a(g).

25. Section 1681g(a)(3)(A) separately requires identification of persons that procured consumer reports during the preceding two years for employment purposes or preceding year for other purposes. Section 1681g(a)(3)(B)(ii) provides that this identification includes, upon the consumer's request, the person's address and telephone number.

26. These provisions ask related but different factual questions. Under § 1681g(a)(1), the question is whether the telephone information was recorded and retained in Plaintiff's file at the time of the request. Under § 1681g(a)(3)(B)(ii), the questions are whether the identified person procured a consumer report within the applicable statutory period and whether Plaintiff requested that person's telephone number. Plaintiff alleges both requirements for the recent inquiry recipients described above.

27. Plaintiff's complete disclosure request sought the six statutory categories, including recipient telephone numbers. Plaintiff alleges that the FCRA did not require six separate requests to receive those categories or an additional request merely restating the telephone-number portion of the complete request.

28. For inquiry entries older than the applicable recipient-disclosure period, Plaintiff relies on § 1681g(a)(1) only to the extent the associated telephone information was recorded and retained in Plaintiff's file at the time of the request. Plaintiff does not base the recipient-disclosure count on those older entries.

29. The furnisher's role as a source of account information does not alone establish that the furnisher procured a consumer report. The recipient-disclosure count concerns persons that procured reports within the statutory period, as reflected in the inquiry entries.

## ACTUAL DAMAGES AND INFORMATIONAL HARM

30. Defendant deprived Plaintiff of information Plaintiff was entitled to receive under the FCRA. The missing identifying and telephone information impaired Plaintiff's ability to understand the disclosure, identify the entities associated with the file, investigate their access, and prepare meaningful disputes.

31. After receiving the incomplete disclosure, Plaintiff spent time reviewing the inquiry information and attempting to compare it with Plaintiff's records to determine why the identified entities had accessed Plaintiff's information. The missing telephone numbers hindered that investigation and caused wasted time.

32. The omissions caused confusion and frustration because Plaintiff could not use the disclosure to readily contact the identified entities, obtain explanations of their access, and reconcile the entries with Plaintiff's records.

33. Had Defendant supplied the requested telephone numbers, Plaintiff would have used them to ask what transactions or applications led to the inquiries, investigate the asserted permissible purposes, compare the explanations with Plaintiff's records, and prepare informed disputes concerning any unauthorized or inaccurate entries.

34. The masked Superior Credit Union account identifier also impaired Plaintiff's ability to match that account with Plaintiff's records and investigate the reported information with the furnisher. The identifying and contact omissions together caused additional time spent attempting to understand the account entry and frustration with the incomplete disclosure.

35. These harms followed from Plaintiff's unsuccessful efforts to use the incomplete disclosure for investigation and review. Defendant's omissions caused the lost time, confusion, frustration, and impaired investigation described above.

## NEGLIGENT AND WILLFUL NONCOMPLIANCE

36. Defendant's business requires knowledge of the FCRA's disclosure requirements. It maintained systems for receiving requests, verifying identities, and generating consumer disclosures, and knew that consumers use those disclosures to investigate their files and exercise dispute rights.

37. Defendant knew that § 1681g(a)(3)(B)(ii) identifies telephone numbers as information to be disclosed upon request and knew that Plaintiff had requested a complete disclosure with proper identification.

38. Upon information and belief, the repeated "Telephone Number Not Available" entries resulted from Defendant's standardized disclosure practices, system design, or interpretation of requests, rather than an isolated typographical error.

39. Despite its ability to disclose telephone numbers for other entities, Defendant omitted the requested numbers identified above. Upon information and belief, Defendant knew the risk that its practice would withhold information required by the FCRA and continued that practice in reckless disregard of Plaintiff's disclosure rights.

40. Defendant's violations were negligent and caused actual damages recoverable under 15 U.S.C. § 1681o. Its knowing or reckless noncompliance was also willful within the meaning of 15 U.S.C. § 1681n, entitling Plaintiff to statutory and punitive damages as permitted by that provision.

## COUNT I

### Violation of 15 U.S.C. § 1681g(a)(1)

41. Plaintiff realleges and incorporates all preceding paragraphs.

42. Defendant is a consumer reporting agency. Plaintiff requested a complete disclosure and provided proper identification. Defendant was required to clearly and accurately disclose all information recorded and retained in Plaintiff's file at the time of the request.

43. Upon information and belief, Defendant recorded and retained the telephone information associated with the inquiry entities identified above but failed to clearly and accurately disclose it. Defendant also withheld the fuller account identifier and any recorded and retained driver's license or state information associated with the Superior Credit Union entry.

44. Defendant's failure violated § 1681g(a)(1), was negligent or willful as alleged above, and proximately caused Plaintiff's informational harm and the actual damages described in this Complaint.

**COUNT II**

**Violation of 15 U.S.C. § 1681g(a)(3)(B)(ii)**

45. Plaintiff realleges and incorporates all preceding paragraphs.

46. Plaintiff requested the telephone numbers of persons that procured Plaintiff's consumer reports as part of the complete disclosure request. Defendant identified recent inquiry recipients but omitted their telephone numbers.

47. For the inquiry entries within the applicable statutory period, the identified persons procured consumer reports concerning Plaintiff. Defendant's failure to disclose their requested telephone numbers violated § 1681g(a)(3)(B)(ii), regardless of the separate question of retention under § 1681g(a)(1).

48. Defendant's noncompliance was negligent or willful as alleged above and proximately caused Plaintiff's wasted time, confusion, frustration, impaired investigation, and other actual damages described in this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment in Plaintiff's favor and against Defendant for:

a. Statutory damages under 15 U.S.C. § 1681n;

b. Actual damages under 15 U.S.C. §§ 1681n and 1681o;

c. Punitive damages for willful violations;

d. Costs; and

e. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Patrick Anthony Saddler, Pro Se

/s/ Patrick Anthony Saddler

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Complaint will be served upon Defendant with the summons in accordance with the applicable Ohio Rules of Civil Procedure.

Date: October 11, 2026

Respectfully Submitted,

Patrick Anthony Saddler, Pro Se

/s/ Patrick Anthony Saddler

706 NORTHLAND BLVD APT D

CINCINNATI OH 45240

Email: Patricksaddler2340@outlook.com

UNITED STATES POSTAL SERVICE. **Retail**

E

US POSTAGE PAID
**$0.00**
Origin: 45234
10/16/26
3816000214-42

**PRIORITY MAIL EXPRESS®**

HAMILTON COUNTY MUNICIPAL CO
RM 115
1000 MAIN ST
CINCINNATI OH 45202-1217

0 Lb 2.60 Oz
RDC 07

SIGNATURE REQUIRED

SCHEDULED DELIVERY DAY: 10/17/26 06:00 PM

C014

SHIP TO:
CHEX
CHEX SYSTEMS INC
1010 DALE ST N
SAINT PAUL MN 55117-5603

**USPS SIGNATURE® TRACKING #**

9581 7156 2888 6289 2262 65

UNITED STATES POSTAL SERVICE® | **PRIORITY MAIL EXPRESS®**

EI 550 867 707 US

26CV 33858

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT) PHONE ( ) ____________

HAMILTON COUNTY MUNICIPAL COURT
CIVIL DIVISION RM 115
1000 MAIN STREET
CINCINNATI, OHIO 45202

**DELIVERY OPTIONS (Customer Use Only)**
☑ **SIGNATURE REQUIRED** *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) PHONE ( ) ____________

CHEX SYSTEMS INC
1010 DALE STREET NORTH
SAINT PAUL MN 55117

ZIP + 4® (U.S. ADDRESSES ONLY)

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 insurance included.

**PEEL FROM THIS CORNER**

**PAYMENT BY ACCOUNT (If applicable)**

| USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service Acct |
|---|---|
| | |

**ORIGIN (POSTAL SERVICE USE ONLY)**
☐ 1-Day ☐ 2-Day ☐ Military

| | | | |
|---|---|---|---|
| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage $ | |
| Date Accepted (MM/DD/YY) | Scheduled Delivery Time ☐ 6:00 PM | Insurance Fee $ | COD Fee $ |
| Time Accepted ☐ AM ☐ PM | | Return Receipt Fee $ | Live Animal Transportation Fee $ |
| Special Handling/Fragile $ | Sunday/Holiday Premium Fee $ | Total Postage & Fees $ | |
| Weight ☐ Flat Rate lbs. ozs. | Acceptance Employee Initials | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| | ☐ AM ☐ PM | |

LABEL 11-B, MAY 2021 PSN 7690-02-000-9996

61714

2022
9 1/2

UNITED STATES POSTAL SERVICE

This package is made from post-consumer waste. **Please recycle - again.**